Mr. Justice Gantt
delivered the opinion of the court.
From the view which has been taken of this case by the court, it is deemed unnecessary to animadvert upon the first ground taken in the brief, as the court are of opinion *278 that the evidence objected to and relied upon as a ground of non-suit, tvas properly and legally permitted to go to the jury.
On the first ground for a new trial, I think myself that under the act of assembly, making attested copies of deeds as good evidence as the original would have been if produced, it is questionable whether there exists any legal necessity of accounting for the loss oí the original, to sanction the admissibility of an attested copy. The act is silent as respects the loss of such original deed, and expressly declares that an attested copy shall.be as good evidence as the original. But the evidence of the original deed being lost in this case, was entirely satisfactory. It was positively sworn by one of the executors of Hannahan that he had used due diligence to obtain it, and he believed that it was lost. It is worthy of observation too, that no one claiming under Currie opposed the legality of the plaintiff’s title, which in every point of view, appears to have been duly and fairly obtained.
The testimony of Moncrieffe leaves no doubt as to the feet of sale made of this land by Currie to Hannahan, anc. after so great a lapse of time, the cautious manner in which this witness deposes to facts of such long standing, with his belief that he did attest the execution of the deed, and proved it, and this evidence corroborated by the attested copy itself, wherein his name appears as a witness, See. — - these concurring evidences of the loss and execution of the original, were entirely sufficient to justify the attested copy’s going to the jury, as the best evidence which the case afforded, independent of the act of assembly.
On the 2d ground I would' remark that although Mr. Alston, the surveyor, had never seen Belton write, yet he had often seen plats which he had made out, and the one introduced as evidence, purporting to have been made for Hannahan, resembled those that he had seen. Now it is very clear that one person may become acquainted with the hand'writing of another, so as to be entitled to give ■"vidertce in relation to it, although he may never have seeq *279 die party write. The clerk of a merchant may, after a correspondence between his principal and another, in relation to their mercantile transactions, kept up for such a length of time, and having access to the same, the hanii writing of the other had become familiar, he would be fcompetent to give evidence of the hand writing, although lie had never seen the correspondent; and I think the principle applies with equal force here. Being a surveyor himself, Mr. Alston had seen many old surveys of Bel-ton’s, he had become familiar with his hand writing, and might give evidence of the same under the. circumstances of this case in a court of justice. The two last grounds-taken for a new trial, have, in the lengthy report of this case, and the comments already made, been so fully taken notice of, that I deem it unnecessary to enlarge upon what has been said. I will only add that from an attentive review of the evidence which was permitted to go to the jury on the trial of this case, I am clearly of opinion that the evidence was proper and legal, and that the defendant is not entitled to a new trial; and this is the opinion of the court.
Gregg, for the motion.
De SaiiSfMre, contra.
'' Justices Colcock, Johnson, linger and Richardson, concurred.